UNITED STATES DISTRICT COURT
                            FOR THE DISTRICT OF COLUMBIA

```
_____
                             )
UNITED STATES OF AMERICA,     )
                             )
        Plaintiff,            )
                             )
        v.                    )   Criminal Action No.94-204 (RWR)
                             )
SEAN A. EVANS,                )
                             )
        Defendant.            )
_____)
```

## **MEMORANDUM ORDER**

    Defendant Sean Evans moves to expunge the record of his criminal conviction from 1994. The government opposes Evans's motion. Because Evans presents no extreme circumstances that would warrant expunging his record, his motion will be denied.

    In July 1994, Evans pled guilty to count of carrying a pistol without a license in violation of D.C. Code § 22-3204(a). See Docket Entry, July 25, 1994. Evans originally was sentenced to a three year term of probation in October 1994. See Docket Entry, October 6, 1994. However, in November 1995, Evans's probation was revoked and he was sentenced to a nine-month term of incarceration. See Docket Entry, November 15, 1995. Evans now moves to expunge his criminal record, alleging that he needs to "clear [his] name to apply for work" because his criminal conviction "shows on [his] background check after 20 years." See Def.'s Mot. to Expunge at 1. The government opposes Evans's motion, arguing that he has not demonstrated that "extraordinary

-2-

circumstances" exist to justify his request to expunge his criminal record.  Govt.'s Opp'n to Def.'s Mot. to Expunge at 2-5.

"The judicial remedy of expungement is inherent and is not dependent on express statutory provision, and it exists to vindicate substantial rights provided by statute as well as by organic law[.]"  Menard v. Saxbe, 498 F.2d 1017, 1023 (D.C. Cir. 1974); see also Chastain v. Kelley, 510 F.2d 1232, 1235 (D.C. Cir. 1975) ("The federal courts are empowered to order the expungement of Government records where necessary to vindicate rights secured by the Constitution or by statute.").  Where a defendant has not shown a statutory basis justifying expungement, courts have granted motions to expunge in extreme circumstances only, such as in cases involving flagrant constitutional violations - - for example, where the defendants' arrests were racially and politically motivated.  See Doe v. Webster, 606 F.2d 1226, 1230 (D.C. Cir. 1979) ("[A]lthough there are indeed many instances in which courts have ordered expungement of arrest records in the exercise of their inherent equitable powers, all of these cases involved either a lack of probably cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." (footnotes omitted)); Carter v. Dist. of Columbia, 795 F.2d 116, 136 (D.C. Cir. 1986) (finding expungement would be appropriate

where a trial court found that an arrest was without probable cause).

"Before expunging a criminal record, the Court must find that, after examining the particular facts and circumstances of the case, the 'remedy is necessary and appropriate in order to preserve basic legal rights.'" United States v. Davis, Criminal Action No. 342-72 (TFH), 2006 WL 1409761, at *2 (D.D.C. May 23, 2006) (quoting Livingston v. U.S. Dep't of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985)).  "[R]elief usually is granted only in extreme circumstances, the finding of which requires a balancing of the equities between the right of privacy of the individual and the right of law enforcement officers to perform their necessary duties." Davis, 2006 WL 1409761, at *2 (internal quotation marks omitted).  The difficulty that a criminal conviction poses for a defendant seeking employment is not regarded as an extreme circumstance. See United States v. Baccous, Criminal Action No. 99-0596 (DAR), 2013 WL 1707961, at *2 (D.D.C. Apr. 22, 2013) (holding that the defendant's "concerns regarding his employment and residential opportunities" were not extreme circumstances justifying expungement); In re Reid, 569 F. Supp. 2d 220, 222 (D.D.C. 2008) (holding that the "harm of being unable to obtain employment is insufficient on its own" to justify expungement).

-4-

Evans seeks to expunge his criminal record so that it does not appear on background checks run by potential employers. However, in this Circuit, this does not present an extreme or unusual circumstance justifying expungement.  Evans has not demonstrated that the remedy he seeks is "necessary and appropriate in order to preserve basic legal rights." Livingston, 759 F.2d at 78 (internal quotation marks omitted). Specifically, Evans does not challenge the legality of his conviction on constitutional or statutory grounds, or present any other cognizable legal injury that the D.C. Circuit would recognize as justifying granting his motion to expunge his criminal record.  Webster, 606 F.2d at 1231 ("[A]bsent specific statutory authority it would be wholly inappropriate to order such an expungement in a case such as this where there has been . . . a valid conviction."); Davis, 2006 WL 1409761, at *2 ("The Court, while not unsympathetic to defendant's dilemma as represented by him, can find no basis for expunging his criminal record.  The Defendant has cited no statutory authority for expunging his conviction, and the Court is aware of none."). While it is unfortunate that Evans's conviction from 20 years ago poses a barrier to obtaining employment, Evans has presented no sufficient basis to grant him the relief his motion seeks. Accordingly, it is hereby

ORDERED that the defendant's motion [16] to expunge his criminal record be, and hereby is, DENIED.

SIGNED this 23rd day of February, 2015.

                                           /s/
                                    RICHARD W. ROBERTS
                                    Chief Judge